## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust | CIVIL ACTION NO: |
| Plaintiff | COMPLAINT |
| vs. | |
| Duane M. Eastman | RE:<br>188 York Woods Road, South Berwick, ME 03908 |
| Defendant | Mortgage:<br>December 17, 2007<br>Book 15327, Page 47 |

NOW COMES the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, Duane M. Eastman, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, in which the Defendant,

Duane M. Eastman, is the obligor and the total amount owed under the terms of the Note is One Hundred Forty-Nine Thousand Two Hundred Eighty and 26/100 ($149,280.26) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust is a corporation with its principal place of business located at 13801 Wireless Way, Oklahoma City, OK 73134.

5. The Defendant, Duane M. Eastman, is a resident of Woodford, County of Caroline and State of Virginia.

## FACTS

6. On December 17, 2007, by virtue of a Warranty Deed from Jane Eastman and Harry H. Eastman, which is recorded in the York County Registry of Deeds in **Book 15327, Page 45**, the property situated at 188 York Woods Road, County of York, and State of Maine, was conveyed to the Defendant, Duane M. Eastman, being more particularly described by the attached legal description.  *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

7. On December 17, 2007, the Defendant, Duane M. Eastman, executed and delivered to Downeast Mortgage Corporation a certain Note in the amount of $135,000.00.  *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

8. To secure said Note, on December 17, 2007, the Defendant executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc. as nominee for Downeast Mortgage Corporation, securing the property located at 188 York Woods Road, South Berwick, ME 03908 which Mortgage Deed is recorded in the York County Registry of Deeds in **Book 15327**, **Page 47**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

9. The Mortgage was then assigned to Federal National Mortgage Association by virtue of an Assignment of Mortgage dated January 16, 2018 and recorded in the York County Registry of Deeds in **Book 17659**, **Page 394**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

10. The Mortgage was further assigned to Federal National Mortgage Association by virtue of a Quitclaim Assignment dated June 1, 2018 and recorded in the York County Registry of Deeds in **Book 17802**, **Page 249**. *See* Exhibit E (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

11. The Mortgage was then assigned to U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust by virtue of an Assignment of Mortgage dated February 19, 2019 and recorded in the York County Registry of Deeds in **Book 17896**, **Page 677**. *See* Exhibit F (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

12. On March 11, 2019, the Defendant, Duane M. Eastman, was sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit G (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

13. The Demand Letter informed the Defendant, Duane M. Eastman, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit G.

14. The Defendant, Duane M. Eastman, failed to cure the default prior to the expiration of the Demand Letter.

15. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., 10 M.R.S. § 9416, and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

16. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, is the lawful holder and owner of the Note and Mortgage.

17. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 were strictly performed.

18. The total debt owed under the Note and Mortgage as of May 24, 2019 is One Hundred Forty-Nine Thousand Two Hundred Eighty and 26/100 ($149,280.26) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $117,406.78 |
| Interest | $20,831.29 |
| Escrow/Impound Required | $6,526.03 |
| Late Fees | $1,109.16 |
| Total Advances | $3,407.00 |
| Grand Total | $149,280.26 |

19. Upon information and belief, the Defendant, Duane M. Eastman, is presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE

20. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, repeats and re-alleges paragraphs 1 through 19 as if fully set forth herein.

21. This is an action for foreclosure respecting a real estate related Mortgage and title located at 188 York Woods Road, South Berwick, County of York, and State of Maine. *See* Exhibit A.

22. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, is the holder of the Note referenced in Paragraph 7 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, has the right to foreclosure upon the subject property.

23. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, is the current owner and investor of the aforesaid Mortgage and Note.

24. The Defendant, Duane M. Eastman, is presently in default on said Mortgage and Note, having failed to make the monthly payment due October 1, 2016, and all subsequent payments, and, therefore, has breached the condition of the aforesaid Mortgage and Note.

25. The total debt owed under the Note and Mortgage as of May 24, 2019 is One Hundred Forty-Nine Thousand Two Hundred Eighty and 26/100 ($149,280.26) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $117,406.78 |
| Interest | $20,831.29 |
| Escrow/Impound Required | $6,526.03 |
| Late Fees | $1,109.16 |
| Total Advances | $3,407.00 |
| Grand Total | $149,280.26 |

26. The record established through the York County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

27. By virtue of the Defendant's breach of condition, the Plaintiff hereby demands a foreclosure on said real estate.

28. Notice in conformity with 14 M.R.S.A. §6111 was sent to the Defendant, Duane M. Eastman, on March 11, 2019, evidenced by the Certificate of Mailing. *See* Exhibit G.

29. The Defendant, Duane M. Eastman, is not in the Military as evidenced by the attached Exhibit H.

30. If you are in bankruptcy or received a bankruptcy discharge of this debt, this is not an attempt to collect the debt against you personally, but is notice of a possible enforcement of the lien against the collateral property.

## COUNT II – BREACH OF NOTE

31. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, repeats and re-alleges paragraphs 1 through 30 as if fully set forth herein.

32. On December 17, 2007, the Defendant, Duane M. Eastman, executed and delivered to Downeast Mortgage Corporation a certain Note in the amount of $135,000.00. *See* Exhibit B.

33. The Defendant, Duane M. Eastman, is in default for failure to properly tender the October 1, 2016 payment and all subsequent payments. *See* Exhibit G.

34. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Duane M. Eastman.

35. The Defendant, Duane M. Eastman, having failed to comply with the terms of the Note and Mortgage, is in breach of both the Note and the Mortgage.

36. The Defendant Duane M. Eastman's breach is knowing, willful, and continuing.

37. The Defendant Duane M. Eastman's breach has caused Plaintiff U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

38. The total debt owed under the Note and Mortgage as of May 24, 2019, if no payments are made, is One Hundred Forty-Nine Thousand Two Hundred Eighty and 26/100 ($149,280.26) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $117,406.78 |
| Interest | $20,831.29 |
| Escrow/Impound Required | $6,526.03 |
| Late Fees | $1,109.16 |
| Total Advances | $3,407.00 |
| Grand Total | $149,280.26 |

39. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

40. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, repeats and re-alleges paragraphs 1 through 39 as if fully set forth herein.

41. By executing, under seal, and delivering the Note, the Defendant, Duane M. Eastman, entered into a written contract with Downeast Mortgage Corporation who agreed to loan the amount of $135,000.00 to the Defendant. *See* Exhibit B.

42. As part of this contract and transaction, the Defendant, Duane M. Eastman, executed the Mortgage to secure the Note and the subject property. *See* Exhibit C.

43. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, is the proper holder of the Note and successor-in-interest to Downeast Mortgage Corporation, and has performed its obligations under the Note and Mortgage.

44. The Defendant, Duane M. Eastman, breached the terms of the Note and Mortgage by failing to properly tender the October 1, 2016 payment and all subsequent payments. *See* Exhibit G.

45. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Duane M. Eastman.

46. The Defendant, Duane M. Eastman, having failed to comply with the terms of the Note and Mortgage, is in breach of contract.

47. The Defendant, Duane M. Eastman, is indebted to U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust in the sum of One Hundred Forty-Nine Thousand Two Hundred Eighty and 26/100 ($149,280.26) Dollars, for money lent by the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, to the Defendant.

48. Defendant Duane M. Eastman's breach is knowing, willful, and continuing.

49. Defendant Duane M. Eastman's breach has caused Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

50. The total debt owed under the Note and Mortgage as of May 24, 2019, if no payments are made, is One Hundred Forty-Nine Thousand Two Hundred Eighty and 26/100 ($149,280.26) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $117,406.78 |
| Interest | $20,831.29 |
| Escrow/Impound Required | $6,526.03 |
| Late Fees | $1,109.16 |
| Total Advances | $3,407.00 |
| Grand Total | $149,280.26 |

51. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

## COUNT IV – QUANTUM MERUIT

52. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, repeats and re-alleges paragraphs 1 through 51 as if fully set forth herein.

53. Downeast Mortgage Corporation, predecessor-in-interest to U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, loaned Defendant, Duane M. Eastman, $135,000.00.  *See* Exhibit B.

54. The Defendant, Duane M. Eastman, is in default for failure to properly tender the October 1, 2016 payment and all subsequent payments.  *See* Exhibit G.

55. As a result of the Defendant Duane M. Eastman's failure to perform under the terms of their obligation, the Defendant, should be required to compensate the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust.

56. As such, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, is entitled to relief under the doctrine of *quantum meruit*.

## COUNT V – UNJUST ENRICHMENT

57. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, repeats and re-alleges paragraphs 1 through 56 as if fully set forth herein.

58. Downeast Mortgage Corporation, predecessor-in-interest to U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, loaned the Defendant, Duane M. Eastman, $135,000.00. *See* Exhibit B.

59. The Defendant, Duane M. Eastman, has failed to repay the loan obligation.

60. As a result, the Defendant, Duane M. Eastman, has been unjustly enriched to the detriment of the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust as successor-in-interest to Downeast Mortgage Corporation by having received the aforesaid benefits and money and not repaying said benefits and money.

61. As such, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, is entitled to relief.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, prays this Honorable Court:

a) Issue a judgment of foreclosure in conformity with Title 14 § 6322;

b) Grant possession to the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, upon the expiration of the period of redemption;

c) Find that the Defendant, Duane M. Eastman, is in breach of the Note by failing to make payment due as of October 1, 2016, and all subsequent payments;

d) Find that the Defendant, Duane M. Eastman, is in breach of the Mortgage by failing to make payment due as of October 1, 2016, and all subsequent payments;

e) Find that the Defendant, Duane M. Eastman, entered into a contract for a sum certain in exchange for a security interest in the subject property;

f) Find that the Defendant, Duane M. Eastman, is in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due October 1, 2016 and all subsequent payments;

g) Find that the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, is entitled to enforce the terms and conditions of the Note and Mortgage;

h) Find that by virtue of the money retained by the Defendant, Duane M. Eastman has been unjustly enriched at the Plaintiff's expense;

i) Find that such unjust enrichment entitles the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, to restitution;

j) Find that the Defendant, Duane M. Eastman, is liable to the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, for money had and received;

k) Find that the Defendant, Duane M. Eastman, is liable to the Plaintiff for quantum meruit;

l) Find that the Defendant, Duane M. Eastman, has appreciated and retained the benefit of the Mortgage and the subject property;

m) Find that it would be inequitable for the Defendant, Duane M. Eastman, to continue to appreciate and retain the benefit of the Mortgage, Note and subject property without recompensing the appropriate value;

n) Find that the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, is entitled to restitution for this benefit from the Defendant, Duane M. Eastman;

o) Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

p) Additionally, issue a money judgment against the Defendant, Duane M. Eastman, and in favor of the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, in the amount of One Hundred Forty-Nine Thousand Two Hundred Eighty and 26/100 ($149,280.26) Dollars, the total debt owed under the Note plus interest and costs including attorney's fees and costs;

q) For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust,
By its attorneys,

Dated: May 7, 2019

/s/ John A. Doonan, Esq.
/s/ Reneau J. Longoria, Esq
John A. Doonan, Esq., Bar No. 3250
Reneau J. Longoria, Esq., Bar No. 5746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 225D
Beverly, MA 01915
(978) 921-2670
JAD@dgandl.com
RJL@dgandl.com